Daniel M. Cislo, Esq., No. 125,378
   *dan@cislo.com*
Mark D. Nielsen, Esq., No. 210,023
   *mnielsen@cislo.com*
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401-4110
Telephone: (310) 451-0647
Fax: (310) 394-4477

Attorneys for Plaintiff,
AMINI INNOVATION CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMINI INNOVATION CORPORATION, a California corporation,<br><br>       Plaintiff,<br><br>       vs.<br><br>MCFERRAN HOME FURNISHINGS, INC., a California corporation, SHARON LIN, an individual, and DOES 1-9, inclusive,<br><br>       Defendants. | CASE NO. CV 13-6496 RSWL(SSx)<br><br>[Hon. Ronald S.W. Lew]<br><br>**PLAINTIFF AMINI INNOVATION CORPORATION'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**<br><br>Date: January 28, 2014<br>Time: 10:00 a.m.<br>Place: Spring Street, Courtroom 21<br><br>Complaint Filed:   September 5, 2013<br>Trial Date:   None Set |

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2nd STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

# **TABLE OF CONTENTS**

I.  INTRODUCTION ...................................................................................... 1

II.  LEGAL STANDARD FOR MOTION TO STRIKE ................................... 3

III.  AICO'S MOTION TO STRIKE SHOULD BE GRANTED ......................... 3

    A.  McFerran's Second, Third, Fourth,  and Fifth Affirmative
        Defenses are Inadequately Pled ...................................................... 5

        1.  McFerran Has Failed to Adequately Plead Innocent Intent ....... 5

                a.  Innocent Intent – Copyright Infringement ...................... 6

                b.  Innocent Intent – Trade Dress Infringement ................... 7

        2.  McFerran Has Failed to Plead a *De Minimis* Defense .............. 7

        3.  McFerran Has Failed to Adequately Plead Fair Use as a
            Defense to Copyright Infringement............................................. 8

        4.  McFerran Has Failed to Adequately Plead Fair Use as a
            Defense to Trade Dress Infringement........................................ 9

    B.  McFerran's Improper Reservation of Defenses Should be
        Stricken ....................................................................................... 12

IV.  CONCLUSION ...................................................................................... 18

i

# TABLE OF AUTHORITIES

**Cases**

Bell Atlantic Corp. v. Twombly,
   550 U.S. 544 (2007).................................................................................1, 14

Clicks Billiards, Inc. v. Sixshooters, Inc.,
   251 F.3d 1252 (9th Cir. 2001)...........................................................................11

Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.,
   2011 U.S. Dist. LEXIS 96154 (C.D. Cal. Aug. 25, 2011)...................................1, 3

Dodson v. Strategic Restaurants Acquisition Co. II, LLC,
   289 F.R.D. 595 (E.D. Cal. 2013) ......................................................................17

Figueroa v. Stater Bros. Markets, Inc.,
   2013 U.S. Dist. LEXIS 128660 (C.D. Cal. Sept. 3, 2013) .....................................3

G&G Closed Circuit Events, LLC v. Nguyen,
   2013 U.S. Dist. LEXIS 4191 (N.D. Cal. Jan 9, 2013)..........................................13

Optical Coating Laboratories, Inc. v. Applied Vision, Ltd.,
   1995 U.S. Dist. LEXIS 4565 (N.D. Cal. Mar. 20, 1995)..............................passim

Perez v. Gordon & Wong Law Group, P.C.,
   2012 U.S. Dist. LEXIS 41080 (N.D. Cal. Mar. 26, 2012)....................................17

Solis v. Couturier,
   2009 U.S. Dist. LEXIS 63271 (E.D. Cal. July 8, 2009) .......................................13

Vogel v. Huntington Oaks Delaware Partners, LLC,
   291 F.R.D. 438, 2013 U.S. Dist. LEXIS 93763 (C.D. Cal. July 2, 2013).........3, 17

Vogel v. Linden Optometry, APC,
   2013 U.S. Dist. LEXIS 64463 (C.D. Cal. Apr. 20, 2013) ......................................3

Whittlestone, Inc. v. Handi-Craft Company,
   618 F.3d 970 (9th Cir. 2010).............................................................................15

Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.,
   376 F.2d 543 (3d Cir. 1967)...............................................................................16

CISLO & THOMAS LLP
Attorneys at Law
1333 2ND STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

1

**Rules**

Fed.R.Civ.P. 26(b)(1) ............................................................12, 14, 15, 17

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647        FACSIMILE: (310) 394-4477

## **REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    **INTRODUCTION**

AICO's motion to strike Defendants' McFerran Home Furnishings, Inc.'s and Sharon Lin's (collectively "McFerran") affirmative defenses, and McFerran's attempt to reserve otherwise unpled defenses and conduct discovery in connection therewith, should be granted in its entirety.

AICO's moving papers set forth the standard applicable to this motion, and whether that standard is the Twombly/Iqbal plausibility standard or the Wyshak/fair notice standard, McFerran's First Amended Answer fails under either.  McFerran's defenses are the epitome of bare bones, conclusory defenses that have been stricken by this Court and other courts.  See e.g., Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc., 2011 U.S. Dist. LEXIS 96154 (C.D. Cal. Aug. 25, 2011) (Lew. J.).

Similarly, McFerran's attempt to reserve otherwise unpled defenses for discovery (or, as McFerran calls it, giving notice of potential defenses) is similarly improper.  If McFerran's approach were the standard, it would create a slope that would be beyond slippery, and one that is ripe for blatant abuse.

For example, if, in order to take formal discovery on a claim, all a party had to do was indicate that it was giving notice of potential claims that it might raise, a plaintiff could say that it might assert an antitrust claim and greatly invade its opponent's sensitive business information.  To avoid such a situation was precisely the reason for Twombly's holding.  See, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558-559 (2007) (sufficient factual matter must be alleged in a pleading such that discovery is not needed to weed out groundless claims, and so that enormous expense is not incurred in discovery in hopes of finding relevant evidence).

The problems with McFerran's Opposition begin at the outset.  For example, McFerran, in their Introduction, asserts that AICO's position is that McFerran

"should have their entire defense of this case ready for trial at the outset, and that Defendants should lay out their case in excruciating detail in the pleadings." <u>See</u>, Opposition at 1:3-5. McFerran does not cite to any statement anywhere in AICO's moving papers where AICO took such a position, and does not otherwise support its unfoundedstatements.

The problems with McFerran's Opposition continue in their discussion of the alleged facts of the case (<u>see</u>, Opposition at 1:10-2:6), where McFerran did not cite to their First Amended Answer (<u>see</u>, Docket No. 14) once in connection with their "Factual Background." In other words, most, if not all, of the alleged facts in McFerran's "Factual Background" are not in their actual pleading.[1]

McFerran's misguided and unavailing statements continue in the section of their Opposition called "Legal Standard," which contains a very sparse statement of the purported legal standards applicable to this motion. <u>See</u>, Opposition at 2:8-13. Otherwise, McFerran essentially ignored the legal standard AICO set forth in its moving papers. AICO addresses this portion of McFerran's Opposition in Part II immediately below.

Ultimately, it is McFerran's failure to grasp the legal standard applicable to the pleading of their defenses, coupled with McFerran's sparse pleading of their defenses, that warrants the Court striking McFerran's defenses. McFerran's attempt to bolster the allegations in their First Amended Answer with statements in their Opposition (but not pled) is tantamount to an admission that the content in McFerran's defenses, as pled, is insufficient and inadequate.

For these reasons, as well as those set forth below, and in AICO's moving papers, McFerran's second, third, fourth, and fifth defenses should be stricken.

---

[1] Realizing that this is not the proper vehicle to dispute the facts and allegations of this matter, AICO does not specifically address McFerran's factual inaccuracies herein, but AICO reserves all rights to do so at a later date.

2

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647      FACSIMILE: (310) 394-4477

## II.   LEGAL STANDARD FOR MOTION TO STRIKE

While McFerran acknowledged that a defense is properly pleaded only where it provides a plaintiff with fair notice of the defense, McFerran otherwise ignored all of the authority AICO cited regarding the increased factual support for affirmative defenses that courts have recently required in order to satisfy the fair notice requirement.  See e.g., Vogel v. Linden Optometry, APC, 2013 U.S. Dist. LEXIS 64463 at *5-8 (C.D. Cal. Apr. 20, 2013); Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc., 2011 U.S. Dist. LEXIS 96154 at *1-2 (C.D. Cal. Aug. 25, 2011) (Lew. J.); Figueroa v. Stater Bros. Markets, Inc., 2013 U.S. Dist. LEXIS 128660 at *6-10 (C.D. Cal. Sept. 3, 2013) (applying Twombly/Iqbal heightened plausibility standard to pleading of affirmative defenses); Vogel v. Huntington Oaks Delaware Partners, LLC, 291 F.R.D. 438, 440-41, 2013 U.S. Dist. LEXIS 93763 at *3-8 (C.D. Cal. July 2, 2013); see also, Docket No. 16 at 4:20-5:11.

McFerran not only ignored the authority cited by AICO, but on multiple occasions in their brief, stated that certain of their defenses did not need to be pled with "particularity."   See, Opposition at 5:20-21, 25.   Apparently, McFerran believes, or is attempting to imply and thus mislead the Court, that AICO is advocating a "particularity" standard for McFerran's defenses.  This is a straw man issue.  AICO never suggested that McFerran had to plead their defenses with fraud-like particularity.  Rather, McFerran's defenses must be plead with sufficient factual matter in order to be plausible under the Twombly/Iqbal standard such that AICO has fair notice of the nature of the defenses.

## III.   AICO'S MOTION TO STRIKE SHOULD BE GRANTED

McFerran tacitly admitted that there is no basis for their second, third, fourth, and fifth affirmative defenses inasmuch as McFerran does not appear to have cited to any language in their First Amended Answer to demonstrate that they have

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

3

1   adequately pled their defenses.  To the extent McFerran attempts to bolster their

2   defenses by *statements in their brief*, or to the extent McFerran believes they can

3   conduct discovery to subsequently identify a factual basis for the defenses they

4   have already pled, McFerran is mistaken.

5       The following quote from Judge Patel in the Northern District of California is

6   illustrative of the problems with McFerran's First Amended Answer.  While the

7   facts and the defense under attack in the quoted portion below may be different than

8   the present case, and while AICO is not arguing for a particularity requirement for

9   McFerran's defenses, the underlying principles espoused by Judge Patel apply here:

10          AVL's attempt to bolster its inequitable conduct

11      allegation **by referring to specific facts for the first**

12      **time in its brief** does not comply with Rule 9(b) and the

13      requirement that the particularity be an averment in the

14      answer or counterclaim.  **Having failed to allege those**

15      **facts in its pleadings, AVL cannot rely on them to**

16      **defeat this motion**.  AVL's argument that it requires

17      further discovery to flesh out its inequitable conduct

18      allegation is equally moot.  **Discovery permits a party to**

19      **locate facts that support a sufficiently plead allegation**

20      and enable it to defeat a motion for summary judgment.

21      **Discovery cannot, however, serve as a substitute for an**

22      **adequate pleading, and cannot be used to launch a**

23      **fishing expedition that may or may not subsequently**

24      **substantiate an allegation of fraud that lacks any basis**

25      **at the time it is plead**. "Vague allegations of inequitable

26      conduct may also be the launching of a 'fishing

27      expedition,' allowing the accuser to embark on wide-

28      ranging discovery upon a thimble-full of facts.  This is

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

precisely the sort of tactical maneuvering that Rule 9(b) is designed to deter." [citation omitted]    Indeed, the fact that at this late date AVL still lacks any specific factual basis to support its inequitable conduct allegation raises the specter of Rule 11 sanctions for having plead that allegation in its answer and counterclaims.

Accordingly, OCLI's motion to strike AVL's inequitable conduct affirmative defense, and its motion to dismiss the inequitable conduct counterclaim, must be granted.

<u>Optical Coating Laboratories, Inc. v. Applied Vision, Ltd.</u>, 1995 U.S. Dist. LEXIS 4565 at *12-15 (N.D. Cal. Mar. 20, 1995) (emphasis added).

AICO asks that the Court keep these principles in mind as it examines McFerran's defenses (and attempt to conduct discovery in connection with unpled or inadequately pled defenses) for compliance with applicable pleading standards and rules.

## A.    **McFerran's Second, Third, Fourth, and Fifth Affirmative Defenses are Inadequately Pled**

### 1.    **McFerran Has Failed to Adequately Plead Innocent Intent**

A mere reading of this defense demonstrates that it is inadequately pled:

Assuming Defendants infringed Plaintiff's rights in any way, Defendants at all times acted with innocent intent, and Plaintiff's remedies are thereby limited.

<u>See</u>, Docket No. 14 at 8:6-7.

As such, this defense should be stricken.

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647    FACSIMILE: (310) 394-4477

### a.    **Innocent Intent – Copyright Infringement**

McFerran agrees that innocent intent is not a defense to *liability* for copyright infringement, and appears to only assert innocent intent as a means of possibly reducing the amount of statutory damages. If that is the scope of the defense as asserted by McFerran, AICO accepts that, but suggests that it be re-pled to more clearly state as much, as well as to state the factual basis of the defense.

McFerran's failure to cite *any* authority regarding the elements of an innocent intent defense (see, Opposition at 2:27-28), and failure to identify *any* facts alleged **in their pleading** to demonstrate that they have plausibly stated the elements of this defense, or that they have placed AICO on fair notice of this defense, justifies the Court striking this defense. In fact, McFerran admits that "the defense as pleaded is not factually specific" and that it "could be pleaded" better. See, Opposition at 3:6, 10-11.

McFerran attempts to excuse their admitted lack of factual specificity by claiming, without any authority, that specific factual allegations are not required. See, Opposition at 3:6-7. Rather, McFerran blithely states that they "will put forth evidence to the jury … ." See, Opposition at 3:3-5. AICO's only question is – "*what evidence*?" If McFerran is not aware of any evidence or basis for this defense, it should be stricken. If McFerran is aware of any such evidence or basis, McFerran needs to make such factual allegations in an amended answer.

The bottom line is that McFerran has not identified anything **in their pleading** that demonstrates that they have plausibly stated the elements of this defense, and/or placed AICO on fair notice of the basis for this defense. McFerran's feeble and transparent attempt to bolster this defense by statements in their Opposition (see, Docket No. 2:28-3:5, 3:7-11) is improper and unavailing. See, Optical Coating Laboratories, Inc. v. Applied Vision, Ltd., 1995 U.S. Dist. LEXIS 4565 at *12-15 (N.D. Cal. Mar. 20, 1995). As such, this defense is deficient and should be stricken.

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2nd STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

### b.      Innocent Intent – Trade Dress Infringement

McFerran agrees that innocent intent is not a defense to *liability* for trade dress infringement, and appears to only assert innocent intent as a means of possibly reducing or eliminating a damages award against it.  If that is the scope of the defense as asserted by McFerran, AICO accepts that, but suggests that it be re-pled to more clearly state as much, as well as to state the factual basis of the defense.

Again, McFerran's attempt to bolster this defense by statements in their Opposition (see, Opposition at 3:24-4:2) is improper and unavailing.  See, Optical Coating Laboratories, 1995 U.S. Dist. LEXIS 4565 at *12-15 (quoted above).

Furthermore, McFerran claims that "[f]urther information regarding the facts which support the defense will be revealed through the discovery process," (see, Opposition at 4:13-15).  McFerran, however, fails to identify any facts **in their pleading** that presently support this defense.  McFerran's failing in this regard runs afoul of the above-quoted language from the Optical Coating Laboratories case stating that:

> Discovery permits a party to locate facts that support a sufficiently plead allegation … .  Discovery cannot, however, serve as a substitute for an adequate pleading, and cannot be used to launch a fishing expedition that may or may not subsequently substantiate an allegation of [a defense] that lacks any basis at the time it is plead …

Optical Coating Laboratories, 1995 U.S. Dist. LEXIS 4565 at *13.

For these reasons, this defense is deficient and should be stricken.

### 2.      McFerran Has Failed to Plead a *De Minimis* Defense

Even if McFerran is correct that *de minimis* is a recognized defense to liability (as opposed to merely a negation of a plaintiff's prima facie case of

CISLO & THOMAS LLP
Attorneys at Law
1333 2nd STREET
SUITE 500
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

7

copyright infringement), McFerran has still failed to identify any factual allegations **in their pleading** that support this defense.  This is a fatal flaw in McFerran's First Amended Answer, and their Opposition.

To the extent McFerran claims that AICO is arguing that this defense must be plead with "particularity" (i.e., as with fraud), such an argument is a straw man issue or a lack of understanding on McFerran's part.  McFerran failed to cite to any portion of AICO's papers where such an argument was made.

Again, AICO's position is that McFerran must plead plausible factual allegations for each of the elements of their defenses, and/or place AICO on fair notice of the basis for their defenses.  With respect to the present defense, McFerran has failed in this regard, as a mere reading of the defense reveals:

> Assuming Defendants copied any portion of any original work of authorship, the copyright for which is owned by Plaintiff (all of which Defendants deny), Plaintiff's claim for copyright infringement is nevertheless barred on the grounds that such copying was *de minimis*.

See, Docket No. 14 at 8:9-12.

As such, McFerran's *de minimis* defense should be stricken.

### 3.    McFerran Has Failed to Adequately Plead Fair Use as a Defense to Copyright Infringement

Initially, again, AICO is not asking that McFerran plead fair use with particularity (e.g., the fraud standard), just plausibility.

Also, again, McFerran fails to identify **in their pleading** any factual allegations supporting this defense, but rather, McFerran attempts to bolster their First Amended Answer with statements in their Opposition (see, Opposition at 5:27-6:11), which is improper.  See, Optical Coating Laboratories, 1995 U.S. Dist. LEXIS 4565 at *12-15 (quoted above).

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

In fact, McFerran acknowledges their need to amend, and the *in*adequacy of their present pleading by noting that their factual allegations set forth for the first time in their Opposition "are fairly implied simply by asserting the affirmative defense." See, Opposition at 6:11-12.

AICO respectfully disagrees, and interprets McFerran's statement in this regard as an admission of the *in*adequacy of McFerran's pleading of a fair use defense to copyright infringement.

A mere reading of McFerran's defense, as pled, reveals its *in*adequacy:

> Assuming Defendants copied any portion of any original work of authorship, the copyright for which is owned by Plaintiff (all of which Defendants deny), Plaintiff's claim for copyright infringement is nevertheless barred on the grounds that such copying was a fair use.

See, Docket No. 14 at 8:14-17.

As noted in AICO's moving papers, and unrebutted in Opposition, McFerran fails to plausibly plead any factual matter that corresponds to the elements of this defense.   Accordingly, McFerran's fair use defense to AICO's copyright infringement claim should be stricken.

**4.    McFerran Has Failed to Adequately Plead Fair Use as a Defense to Trade Dress Infringement**

McFerran appears to spend a significant portion of their Opposition justifying the propriety of asserting a fair use defense to a trade dress infringement claim. AICO did not assert in its moving papers that such a defense was improper or unavailable.   Thus, AICO does not take the position that such a defense is unavailable to McFerran.

AICO does, however, take issue with McFerran's *unsupported* legal propositions regarding the elements and parameters of this defense.   See,

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

Opposition at 7:17-20 (no authority cited), 7:20-21 (no authority cited), 9:3-4 (no authority cited), 9:4-6 (no authority cited).

Even if McFerran is correct in their exposition of the elements and parameters of this defense, McFerran has, again, failed to show where, **in their pleadings**, they have made *any* factual allegations in connection with the elements of this defense, including:

(1)  any factual allegations regarding the functionality or descriptiveness of the asserted trade dress (inasmuch as McFerran appears to suggest that functional or descriptive aspects of the trade dress might contribute to a fair use defense, a point AICO does not agree with);

(2)  any allegations of good faith; or,

(3)  any allegations regarding the purpose and character of McFerran's use of AICO's trade dress.

In fact, again, a mere reading of McFerran's defenses reveals its inadequacy:

> Assuming Plaintiff's products are entitled to any degree of trade dress protection, Plaintiff's claims for trade dress infringement are barred on the grounds that Defendants' use of allegedly similar ornamental elements constitutes fair use. Defendants are not using any ornamental elements for any source-identifying purpose, but rather for their ornamental purpose fairly and in good faith.

See, Docket No. 14 at 8:19-23.

McFerran's defense, at best, is nothing more than a superficial, conclusory recitation of some of the elements of a fair use defense. This does not comport with Twombly/Iqbal or Wyshak, and warrants the Court striking this defense.

Finally, again, to the extent McFerran seeks to bolster this defense by statements in their Opposition (see, Opposition at 9:7-17), such statements should be disregarded because they are *absent* from McFerran's pleading (see, Optical

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

Coating Laboratories, 1995 U.S. Dist. LEXIS 4565 at *12-15 (quoted above)), and also because some of them may be factually or legally inaccurate.[2]  The bottom line is that:

> [t]rade dress refers generally to the total image, design, and appearance of a product and may include features such as size, shape, color, color combinations, texture or graphics …
>
> [and]
>
> in evaluating functionality as well as the other elements of a trade dress claim, it is crucial that we focus not on the individual elements, but rather on the overall visual impression that the combination and arrangement of those elements create. Trade dress is the composite tapestry of visual effects. Courts have repeatedly cautioned that, in trademark-- and especially trade dress -- cases, the mark must be examined as a whole, not by its individual constituent parts.

See, Clicks Billiards, Inc. v. Sixshooters, Inc., 251 F.3d 1252, 1257, 1259 (9th Cir. 2001).

---

[2] Regarding factual or legal inaccuracy, AICO does not agree with, and McFerran cites no authority for the proposition that "even if *Plaintiff's* use of its product configuration is non-functional, *Defendants'* use of any similar features *is functional*."  In fact, McFerran makes a series of statements in its Opposition at 9:7-17 for which no legal authority is cited.  This, coupled with McFerran's failure to plead, in their First Amended Answer, any of the matter at 9:7-17 of its Opposition, warrants striking McFerran's fair use defense to AICO's trade dress infringement claim.

McFerran does not appear to grasp these points in their discussion of trade dress law and fair use, including functionality, good faith, and the manner in which McFerran has used AICO's trade dress.  Be that as it may, McFerran's First Amended Answer is woefully inadequate in terms of its plausibly pleading factual matter corresponding to the elements of a fair use defense to trade dress infringement.

### B.  McFerran's Improper Reservation of Defenses Should be Stricken

In their First Amended Answer (see, Docket No. 14), McFerran asserted five defenses, and then at 8:25-9:10 of its First Amended Answer, McFerran purported to reserve seven (7) additional affirmative defenses.  McFerran did not *assert* these "reserved" defenses, but nonetheless claimed the right to take discovery on such defenses, and to possibly assert them in the future.   McFerran's approach is improper.

In its moving papers, AICO pointed out that such an approach is improper because:

(1)   Case law from this Court has held that a "defense" that purports to reserve the right to assert additional defenses is not a defense at all – see, Docket No. 16 at 10:24-11:6;

(2)   Attempting to reserve the right to conduct discovery on unpled, "reserved" defenses is improper under Fed.R.Civ.P. 26(b)(1) – see, Docket No. 16 at 12:2-21; and,

(3)   Attempting to conduct formal discovery on unpled, "reserved" defenses would eviscerate the rules regarding the scope of discovery – see, Docket No. 16 at 12:22-13:3.

In their opposition (see, Opposition at 9:19-10:25), McFerran all but ignored the authority and arguments set forth in AICO's moving papers, and instead, offered a convoluted and misguided response to AICO's position.

First, McFerran admitted that the cases cited by AICO support the proposition that a defense that merely reserves the right to assert additional defenses is not a defense.   See, Opposition at 9:24-26.   McFerran, however, attempted to distinguish their answer by claiming that they did not make the statements at 8:25-9:10 of its First Amended Answer as a defense, but to "giv[e] Plaintiff notice that they *may* request leave to amend should investigation and discovery reveal information in support of these affirmative defenses."   See, Opposition at 9:26-10:2.   McFerran's semantics in this regard not only admit that they are attempting to reserve certain defenses, but they also make a distinction without a difference.   Whether McFerran's semantic gimmick in their First Amended Answer is a "defense" that improperly attempts to reserve defenses, or it is merely a notice that McFerran may amend in the future to add such defenses, the bottom line is that:

(1)   Courts do not allow defendants to reserve defenses for future assertion (i.e., the cases cited by AICO in its moving papers (see, Docket No. 16 at 10:24-11:6) all struck a defense that attempted to reserve defenses)[3], and

(2)   Listing, but not asserting, defenses in a responsive pleading does not give a party the right to conduct discovery on the listed, but not asserted, defenses – see, Docket No. 16 at 12:2-21.

The latter is AICO's main concern – can McFerran, by merely giving notice that they *may* seek to amend its answer to assert certain defenses in the future if

---

[3] "[T]he reservation of an ability to raise other defenses is not a defense.  This type of statement 'serves no real purpose in the litigation and should be stricken.'  …  In any event, it is duplicative of relief that can be based on the Federal Rules of Civil Procedure."  G&G Closed Circuit Events, LLC v. Nguyen, 2013 U.S. Dist. LEXIS 4191 at *8 (N.D. Cal. Jan 9, 2013) (citing, Solis v. Couturier, 2009 U.S. Dist. LEXIS 63271 at *10 (E.D. Cal. July 8, 2009)).

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

there is factual support, conduct formal discovery on those defenses they mentioned in their notice?  AICO submits that this cannot be the standard, lest any party could merely notify its opponent that it might seek to amend its pleadings later in the matter, and thereby conduct discovery on whatever it wants whether formally pled or not.  This runs afoul of Fed.R.Civ.P. 26(b)(1) as noted in AICO's moving papers (see, Docket No. 16 at 12:2-21), as well as the rationale for <u>Twombly</u> requiring sufficient factual allegations in pleadings.  See, <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 558-559 (2007) (sufficient factual matter must be alleged in a pleading such that discovery is not needed to weed out groundless claims, and so that enormous expense is not incurred in discovery in hopes of finding relevant evidence).

McFerran then mischaracterizes the reason why AICO seeks to have 8:25-9:10 of McFerran's First Amended Answer stricken.  McFerran assumes it is because AICO plans to object to discovery regarding the "reserved" defenses.  <u>See</u>, Opposition at 10:3-4.  McFerran is incorrect.  AICO is seeking a determination, *at this time*, that discovery as to McFerran's "reserved" defenses would be **<u>outside the scope of discovery</u>**, so that McFerran would not waste their own time and resources propounding such discovery, and so that AICO would not waste its time and money responding to such discovery.

McFerran suggests that such a determination is premature (see, Opposition at 10:4-5).  McFerran is again incorrect.  Assuming McFerran were to propound discovery regarding its "reserved" defenses, AICO would then respond with objections that such discovery is outside the scope of discovery under Rule 26.  Then, the parties would meet and confer, go through the detailed process in Local Rule 37 for a motion to compel/motion for protective order, and one or more motions would be filed, and a lot of time and money wasted, including the Court's precious time and resources, on an issue that can be resolved *at the present time*.

The Ninth Circuit has stated that "The function of a 12(f) motion to strike is

CISLO & THOMAS LLP
Attorneys at Law
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

1    to avoid the expenditure of time and money that must arise from litigating spurious

2    issues by dispensing with those issues prior to trial … ."  See, Whittlestone, Inc. v.

3    Handi-Craft Company, 618 F.3d 970, 973-74 (9th Cir. 2010).  This is precisely what

4    AICO is attempting to accomplish with this aspect of its motion to strike – namely,

5    have the Court determine that it is improper for McFerran to list, *but not assert*, a

6    series of defenses in their First Amended Answer so that, even though the defenses

7    are not asserted, McFerran can formally elicit discovery from AICO (or third

8    parties) on such listed, *but unasserted*, defenses.

9         AICO is not trying to have it both ways as McFerran suggests – McFerran is.

10   McFerran wants to be able to take formal discovery on unasserted defenses, which,

11   as stated above and in AICO's moving papers, is improper.  See, Optical Coating

12   Laboratories, 1995 U.S. Dist. LEXIS 4565 at *13 (quoted in Part III.A.1.b, *supra*).

13   McFerran wants to "fish" for evidence to support these defenses.

14        This issue is crystallized in McFerran's claim that "Plaintiff seeks to prevent

15   Defendants from defending the case altogether by arguing that Defendants cannot

16   seek discovery on these potential defenses until they are pleaded."  See, Opposition

17   at 10:8-10.  **First**, AICO is not seeking to prevent McFerran from defending the

18   case "altogether."   Such a notion is preposterous.  **Second**, AICO is merely

19   applying Rule 26(b)(1) and Twombly to this situation, and it is not AICO that is

20   preventing Defendants from taking certain discovery, but the Federal Rules that are.

21   **Third**, McFerran admits that the defenses in question are "potential defenses."  The

22   Federal Rules do not give a party a right to conduct discovery on "potential

23   defenses."  Rule 26(b)(1) is clear:

24            the scope of discovery is as follows: Parties may obtain

25            discovery regarding any nonprivileged matter that is

26            relevant to any party's claim or defense …

27   Fed.R.Civ.P. 26(b)(1).

28        The Rule does not say that the scope of discovery includes a party's

15

"potential" defenses.

McFerran wholly fails to come to grips with the language of Rule 26(b)(1), and instead, cites an inapposite 1967 case from the Third Circuit to attempt to support its position, and an inapposite Supreme Court case.

Wyrough & Loser, quoted by McFerran, held that a party waived a right to contest personal jurisdiction after having appeared to contest a motion for preliminary injunction. See, Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc., 376 F.2d 543, 547 (3d Cir. 1967). The quote by McFerran regarding "hurried and premature pleading" was one side of the issue regarding waiver of a defense to personal jurisdiction. Id. The facts of the present case are substantially different.

Here, this is not a case where a preliminary injunction motion was filed and McFerran had days or maybe a few weeks to respond. Rather, McFerran was served with the complaint on September 11, 2013 (see, Docket No. 9), they were given until November 1, 2013 to respond to the complaint (see, Docket No. 8), and they filed an amended answer on November 22, 2013 (see, Docket No. 14), for a total of nearly two-and-a-half months.[4] Even then, McFerran has not waived their substantive defenses (as opposed to a Rule 12 defense as in Wyrough & Loser). If McFerran develops the defenses, on their own (and not via formal discovery on such defenses from AICO), they can seek to add them via amendment later in the case. Thus, McFerran's reliance on Wyrough & Loser is misguided.[5]

McFerran takes issue with AICO's alleged "demand that Defendants plead affirmative defenses with high factual detail." In response, AICO simply notes that it has not requested "high factual detail," but rather, detail in accordance with

---

[4] McFerran was even offered an opportunity to amend again in December, prior to the filing of this motion.

[5] Foman v. Davis is a seminal case on the factors for seeking leave to amend and is not helpful to McFerran.

16

applicable law.   A significant reason for applying a heightened, plausibility standard to affirmative defenses is to prevent defendants from "engag[ing] in unfounded fishing expeditions on matters for which they bear the burden of proof at trial." Dodson v. Strategic Restaurants Acquisition Co. II, LLC, 289 F.R.D. 595, 602 (E.D. Cal. 2013) (citing, Perez v. Gordon & Wong Law Group, P.C., 2012 U.S. Dist. LEXIS 41080 at *26 (N.D. Cal. Mar. 26, 2012)); see also, Vogel v. Huntington Oaks Delaware Partners, LLC, 291 F.R.D. 438, 441, 2013 U.S. Dist. LEXIS 93763 at *8 (C.D. Cal. July 2, 2013) ("Requiring a defendant to bolster its affirmative defenses with some factual support comports with Iqbal's message that discovery should not be used as a fishing expedition.").   Accordingly, to allow a defendant to conduct discovery on "reserved" defenses, or unpled defenses that a defendant provided notice of, runs afoul of Fed.R.Civ.P. 26(b)(1) and applicable law requiring a more substantial factual recitation of an affirmative defense in a pleading.

At the end of the day, all AICO is saying is that McFerran cannot take discovery on unasserted, "reserved" defenses.  If, *through its own investigation*, McFerran elucidates facts to allow them to *plausibly* state a particular defense that they have not presently pled, then they can seek leave to amend its answer.  At this point, however, McFerran has not offered any plausible basis for any of their "reserved" defenses, and such "reserved" defenses should be considered unasserted and outside the scope of discovery.

McFerran's request (see, Opposition at 10:22-25) for leave to amend to allege the "reserved" defenses "on information and belief" so that they may conduct discovery on the "reserved" defenses is also fraught with problems.  **First**, how is such an approach any different than what McFerran has already done?  **Second**, McFerran needs to seek such relief through a properly noticed motion pursuant to Local Rule 7.   **Third**, McFerran has offered no basis for their being permitted to assert such defenses.

CISLO & THOMAS LLP
*Attorneys at Law*
SUITE 500
1333 2ND STREET
SANTA MONICA, CALIFORNIA 90401-4110
TELEPHONE: (310) 451-0647   FACSIMILE: (310) 394-4477

As stated in AICO's papers, defenses need to be pled with sufficient factual underpinnings to render such defenses plausible, and to give an opponent fair notice of their basis. McFerran, however, wants the Court to ignore such law and allow McFerran to *assert* defenses that do not have sufficient factual underpinnings (i.e., that are implausible), so that McFerran can then take discovery on such defenses in order to look for sufficient facts to render such defenses plausible. McFerran's reasoning is illogical, inconsistent with applicable law, and should be rejected.

## IV.    CONCLUSION

AICO's motion to strike McFerran's defenses, and attempt to reserve defenses and conduct discovery on such "reserved" defenses should be granted. McFerran has all but admitted that its defenses are inadequately pled. Also, McFerran has wholly failed to establish the propriety of reserving or otherwise giving notice of defenses, but not asserting them, so that discovery can be conducted on such defenses. McFerran's entire approach to the pleading of defenses is misguided. For these reasons, as well as those set forth above, AICO's motion to strike should be granted in its entirety.

Respectfully submitted,
CISLO & THOMAS LLP

Dated: January 14, 2014      By:  /s/Daniel M. Cislo
                                  Daniel M. Cislo
                                  Mark D. Nielsen

                                  Attorneys for Plaintiff,
                                  AMINI INNOVATION CORP.

T:\13-27363\AICO's Reply Brief in Support of Motion to Strike Affirmative Defenses.docx

18

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 14, 2014, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Central District of California, using the electronic case filing system of the court.

I hereby certify that on January 14, 2014, I caused the foregoing document to be served by the Court's Electronic Filing System:

Scott P. Shaw, Esq.
sshaw@calljensen.com
Samuel G. Brooks, Esq.
sbrooks@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660

☒    **FEDERAL**:  I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on January 14, 2014, at Santa Monica, California.

/s/Stephanie Diaz-Sandoval  
Stephanie Diaz-Sandoval
