# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMINI INNOVATION CORPORATION,<br><br>　　　　Plaintiff,<br>　v.<br><br>MCFERRAN HOME FURNISHINGS, INC., et al.<br><br>　　　　Defendants. | CV 13-6496 RSWL (SSx)<br><br>**Order re: Plaintiff's Motion to Strike Defendants' Affirmative Defenses [16]** |

　　Currently before the Court is Plaintiff Amini Innovation Corporation's ("Plaintiff") Motion to Strike Defendants' Affirmative Defenses [16].  Defendants McFerran Home Furnishings, Inc. ("McFerran") and Sharon Lin (collectively, "Defendants") filed their Opposition on January 7, 2014 [21].  Plaintiff filed its Reply on January 14, 2014 [22].  Having reviewed all papers submitted pertaining to the Motion, and having considered all arguments presented to the Court, the

1

Court **NOW FINDS AND RULES AS FOLLOWS:**

Plaintiff's Motion to Strike Defendants' Affirmative Defenses is hereby **GRANTED**.

## I. Background

Plaintiff is a California corporation located in Pico Rivera, California, and is known for its innovative furniture designs. Compl. ¶ 1. Plaintiff displays and offers for sale its furniture at various trade shows, on its Internet website, and at other outlets. Id. Defendant McFerran is a California corporation located in Chino, California. Id. at ¶ 2. Defendant Lin is the owner of, as well as a director or officer of, Defendant McFerran and likewise resides in California. Id. at ¶ 3.

Plaintiff has advertised its furniture through various outlets, including the furniture industry's flagship publication, Furniture Today, an extensive website, a strong social media presence, and by disseminating brochures, and through displays at trade shows. Id. at ¶ 9. One of Plaintiff's products is its "Villa Valencia collection," which includes furniture designs consisting of ornamental details. Id. at ¶ 10. Plaintiff has obtained U.S. copyright registration No. VA 1-428-180 for the design that consists primarily of ornamental designs on its Villa Valencia Bed. Id. at ¶ 12. Plaintiff has extensively advertised and promoted its Villa Valencia collection. Id. at ¶ 13.

Plaintiff also offers a popular "Hollywood Swank

bedroom collection." Id. at ¶ 15. Plaintiff has also extensively advertised and promoted this collection. Id. at ¶ 18.

In 2013, Plaintiff learned that Defendant McFerran was offering for sale and advertising alleged knockoffs of Plaintiff's Hollywood Swank and Villa Valencia bedroom collections. Id. at ¶¶ 19-20. As a result, Plaintiff sent Defendant McFerran a cease and desist letter in February, 2013. Id. at ¶ 21. Defendant McFerran did not alter its activities and continued to advertise and offer for sale its alleged knockoffs. Id. at ¶¶ 23-27. On August 7, 2013, Plaintiff's counsel sent another letter to Defendant McFerran. Id. at ¶ 28. Defendant McFerran denied infringement. Id. at ¶ 29. As a result, Plaintiff brought the instant Action on September 5, 2013, raising claims of (1) Copyright Infringement, (2) Trade Dress Infringement of the Villa Valencia Bed, and (3) Trade Dress Infringement of the Hollywood Swank Bedroom Collection. Id. at ¶¶ 42-70.

In 2003, Plaintiff sought to enforce some of its intellectual property rights against a company named Greengrass Home Furnishings of which Defendant Lin was an officer. Id. at ¶ 32. The matter was settled and Greengrass agreed to a permanent injunction. Id. at ¶ 33. Defendant Lin left Greengrass in 2004 and formed Defendant McFerran. Id. In 2006, Plaintiff commenced new litigation against Defendants for alleged

infringement of the same properties as in the Greengrass litigation. Id. at ¶ 34. In November, 2006, this action was also settled, with Defendants stipulating to a permanent injunction. Id. at ¶ 35.

Plaintiff filed its Complaint on September 5, 2013 [1]. Defendants Answered on November 1, 2013 [11]. Defendants filed a First Amended Answer on November 22, 2013 [14]. Plaintiff filed the instant Motion on December 13, 2013 [16].

## II. Legal Standard

**A. <u>Motion to Strike</u>**

Under Federal Rule of Civil Procedure 12(f), the Court may, by motion or on its own initiative, strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous" matters from the pleadings. The purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by disposing of those issues prior to trial." <u>Whittlestone, Inc. v. Handi-Craft Co.</u>, 618 F.3d 970, 973 (9th Cir. 2010) (quoting <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993)).

The grounds for a motion to strike must appear on the face of the pleading under attack. <u>See</u> <u>SEC v. Sands</u>, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). In addition, the Court must view the pleading under attack in the light more favorable to the pleader when ruling upon a motion to strike. <u>In re 2TheMart.com, Inc. Sec. Litig</u>, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000)

4

(citing California v. United States, 512 F. Supp. 36, 39 (N.D. Cal. 1981)). As a rule, motions to strike are regarded with disfavor because striking is such a drastic remedy; as a result, such motions are infrequently granted. Freeman v. ABC Legal Servs., Inc., 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012). If a claim is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party. Vogel v. Huntington Oaks Delaware Partners, LLC, 291 F.R.D. 438, 440 (C.D. Cal. 2013) (citing Wyshak v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979)).

### III. Discussion

**A. Motion to Strike**

Plaintiff contends that the proper standard governing motions to strike is the pleading standard announced in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Mot. 4:20-5:4. Under this standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Defendants do not, apparently, contest Plaintiff's characterization of the proper legal standard. See Opp'n 2:7-13.

District courts within the Ninth Circuit are split on this issue, and the Ninth Circuit has yet to address it. See Gonzalez v. Preferred Freezer Servs., LBF, LLC, No. CV 12-3467 ODW (FMO), 2012 WL 2602882, at *2

(C.D. Cal. July 5, 2012); J & J Sports Prods., Inc. v. Scace, No. 10cv2496-WQH-CAB, 2011 WL 2132723, at *1 (S.D. Cal. May 27, 2011). Given the lack of binding authority, the Court sees no reason to adopt the Twombly/Iqbal standard. Accordingly, the Court retains the traditional "fair notice" standard.

Under the traditional fair notice standard, the Court determines the sufficiency of the pleading of an affirmative defense by analyzing whether it gives Plaintiff fair notice of the defense. See Wyshak v. City Nat'l Bank, 607 F.2d at 827. "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." Dunmore v. Dunmore, No. 2:11-cv-2867 MCE AC PS, 2013 WL 876907, at *2 (E.D. Cal. Mar. 7, 2013) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a detailed statement of facts is not required. Id.

1. Innocent Intent - Copyright Infringement

Plaintiff first seeks to strike Defendants' second affirmative defense of innocent intent. Mot. 6:11-28.

Plaintiff is correct in contending that "the innocent intent of the defendant constitutes no defense to liability" for copyright infringement. Monge v. Maya Magazines, Inc., 688 F.3d 1164, 1171 (9th Cir. 2012) (quoting 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13:08[B][1] (Matthew Bender rev. ed. 2011)). However, "Defendant's mental state . . . is relevant to the issue of remedies." Shropshire v.

Canning, 809 F. Supp. 2d 1139, 1147 n.2 (N.D. Cal. 2011).  Indeed, under the Copyright Act:

> In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $ 200.

17 U.S.C. § 504(c)(2).

In other words, Defendants are clearly correct in that innocent intent serves as an affirmative defense as to the availability of statutory damages.

Nevertheless, the Court finds that Defendants have failed to plead any facts to support their defense of innocent intent.  Defendants must still tie their defense to some factual allegation to give Plaintiff fair notice of the nature and grounds of the defense.  As a result, the Court **GRANTS** Plaintiff's Motion to Strike Defendants' second affirmative defense as to the copyright infringement claim.  Because Defendants may be able to allege additional facts to support this affirmative defense, the Court **STRIKES with 20 days leave to amend**.

    2.   <u>Innocent Intent – Trade Dress Infringement</u>

Plaintiff next seeks to strike Defendants' innocent intent defense as to Plaintiff's trade dress infringement claims.  Mot. 7:1-12.

7

Innocent intent may serve to mitigate the extent of damages available upon a finding of liability for trademark infringement. <u>Bandag, Inc. v. Al Bolser's Tire Stores, Inc.</u>, 750 F.2d 903, 919 (Fed. Cir. 1984); <u>see also</u> 5 J. Thomas McCarthy, <u>McCarthy on Trademarks and Unfair Competition</u> § 30:59 (4th ed. 2013). This appears to be the extent of Defendants' defense. <u>See</u> Opp'n 3:13-23. As such, Defendants appear to be correct that innocent intent potentially can serve as an affirmative defense as to the extent of Plaintiff's potential remedies. <u>See</u> <u>Desert European Motorcars, Ltd. v. Desert European Motorcars, Inc.</u>, EDCV 11-197 RSWL, 2011 WL 3809933, at *5-6 (C.D. Cal. Aug. 25, 2011).

Nevertheless, the Court finds that Defendants have failed to plead any facts to support their defense of innocent intent. Defendants must still tie their defense to some factual allegation to give Plaintiff fair notice of the nature and grounds of the defense. As a result, the Court **GRANTS** Plaintiff's Motion to Strike Defendants' second affirmative defense as to the trade dress infringement claims. Because Defendants may be able to allege additional facts to support this affirmative defense, the Court **STRIKES with 20 days leave to amend**.

    3.  <u>De Minimis Infringement</u>

Plaintiff also seeks to strike Defendants' third affirmative defense of "*de minimis*" as to Plaintiff's

copyright infringement claim. Mot. 8:7-14.

The Ninth Circuit has been unclear as to whether the de minimis use doctrine is an affirmative defense under the fair use exception or whether it simply "highlights [Plaintiff's] obligation to show that the use must be significant enough to constitute infringement." <u>Brocade Commc'ns. Sys. v. A10 Networks, Inc.</u>, No. C 10-3428 PSG, 2013 WL 831528, at *8 (N.D. Cal. Jan. 10, 2013) (citing <u>Newton v. Diamond</u>, 388 F.3d 1189, 1193 (9th Cir. 2003); <u>Norse v. Henry Holt & Co.</u>, 991 F.2d 563, 566 (9th Cir. 1993)); <u>see also</u> 2 Melville B. Nimmer & David Nimmer, <u>Nimmer on Copyright</u> § 8.01[G] (Matthew Bender rev. ed. 2011)) ("It appears, therefore, that among the several potential meanings of the term *de minimis*, that defense should be limited largely to its role in determining either substantial similarity or fair use").

In other words, the *de minimis* use doctrine is either subsumed into the affirmative defense of fair use or into negating Plaintiff's prima facie case of copyright infringement. A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense. <u>See</u> <u>Zivkovic v. S. California Edison Co.</u>, 302 F.3d 1080, 1088 (9th Cir. 2002). Furthermore, as Defendants already plead fair use as a defense to copyright infringement (First Am. Answer ("FAA") 7:13-17), the Court **GRANTS** Plaintiff's Motion to Strike Defendants' third affirmative defense of *de*

*minimis* use and **STRIKES without leave to amend.**

4. <u>Fair Use - Copyright Infringement</u>

Plaintiff seeks to strike Defendants' fourth affirmative defense of fair use for Plaintiff's copyright infringement claim. Mot. 8:16-9:12. Plaintiff's primary contention is that Defendants have failed to identify facts sufficient to plausibly support their defense. <u>Id.</u> at 9:9-12.

Fair use is a valid defense to copyright infringement. <u>See</u> 17 U.S.C. § 107 ("the fair use of a copyrighted work . . . is not an infringement of copyright"); <u>Maya Magazines</u>, 688 F.3d at 1170-71).

Nevertheless, Defendants asserting a fair use defense to trademark infringement must still plead some facts to put Plaintiff on fair notice of the defense. Specifically, Defendants' First Amended Answer fails to set forth facts regarding the elements of this defense and how the defense applies to the instant Action. Accordingly, this Court **GRANTS** Plaintiff's Motion to Strike Defendants' fourth affirmative defense. However, because Defendants may be able to support this affirmative defense by alleging additional facts, the Court **STRIKES with 20 days leave to amend.**

5. <u>Fair Use - Trade Dress Infringement</u>

Plaintiff also seeks to strike Defendants' fifth affirmative defense of fair use as to Plaintiff's trade dress infringement claims. Mot. 9:14-10:16.

It appears that Defendants are pleading "classic"

fair use, wherein "a defendant has used the plaintiff's mark *only* to describe his own product, *and not at all to describe the plaintiff's product*." Mattel Inc. v. Walking Mountain Prods., 353 F.3d 792, 809 (9th Cir. 2003) (quoting Cairns v. Franklin Mint Co., 292 F.3d 1139, 1151 (9th Cir. 2002)). Fair use is a defense to trademark infringement, and is defined by the Lanham Act as a "defense when 'the use of the . . . term, or device charged to be an infringement is a use, otherwise than as a mark, . . . of a term or device which is descriptive of and used fairly and in good faith only to describe the [defendant's] goods or services[.]'" Bell v. Harley Davidson Motor Co., 539 F. Supp. 2d 1249, 1256 (S.D. Cal. 2008) (quoting 15 U.S.C. § 1115(b)(4)). "The precise elements of the classic fair use defense are that the defendant (1) is not using the term as a trademark, (2) uses the term only to describe its goods and services, and (3) uses the term fairly and in good faith." Id. at 1257.

Nevertheless, this Court has required that Defendants asserting a fair use defense to trademark infringement must still plead sufficient facts to put Plaintiff on fair notice of the defense. See Desert European Motorcars, 2011 WL 3809933, at *5-6. Specifically, Defendants' First Amended Answer fails to set forth facts regarding the collective elements of this defense and how it applies to the instant Action. Defendants must still tie their defense to some factual

11

allegation to give Plaintiff fair notice of the nature and grounds of the defense.  Accordingly, this Court **GRANTS** Plaintiff's Motion to Strike Defendants' fifth affirmative defense.  However, because Defendants may be able to support this affirmative defense by alleging additional facts, the Court **STRIKES with 20 days leave to amend**.

    6.   <u>Defendants' Reservation of Rights</u>

Finally, Plaintiff seeks to strike Defendants' apparent effort to reserve other defenses.  Mot. 10:18-23.  Defendants include in their First Amended Answer that they reserve the right to assert and to take discovery on at least seven potential affirmative defenses.  FAA 8:25-9:10.

A defense that reserves the right to assert defenses later is not a defense.  See <u>Vogel v. Linden Optometry APC</u>, CV 13-00295 GAF SHX, 2013 WL 1831686, at *7 (C.D. Cal. Apr. 30, 2013); <u>Huntington Oaks Delaware Partners, LLC</u>, 291 F.R.D. at 442.  As such, the Court **GRANTS** Plaintiff's Motion to Strike pages 8:25-9:10 of Defendants' First Amended Answer.  To the extent that the Defendants wish to actually allege these defenses, the Court **grants 20 days leave to amend**.

//
//

**IV.  Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's Motion to Strike Defendants' Affirmative Defenses [16].

Defendants' second, fourth, and fifth affirmative defenses are hereby **STRICKEN with 20 days leave to amend**.  Additionally, Defendants' effort to reserve other defenses is hereby **STRICKEN**.  To the extent Defendants wish to actually allege those affirmative defenses, Defendants are given **20 days leave to amend**.  Finally, Defendants' third affirmative defense is **STRICKEN without leave to amend.**

**IT IS SO ORDERED.**

DATED: January 31, 2014

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge